**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Refugio Saldana Camacho,<br><br>Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>Respondents. | No. CV-07-313-PHX-ROS (LOA)<br><br>**ORDER** |

This matter arises on Petitioner's Motion for the Appointment of Counsel. (docket # 9) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the district court to appoint counsel for indigent state prisoners applying for habeas corpus relief when "the interests of justice so require." *Id.* However, appointment of counsel is only mandatory if the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Petitioner claims that he needs the assistance of counsel because he lacks legal knowledge, lacks access to legal materials and the issues in this matter are complex. Despite these obstacles, Petitioner has filed coherent pleadings with the Court. In view of Petitioner's ability to present his claims to the Court, he fails to establish that counsel is necessary to prevent the violation of due process and the Court does not find any reason to appoint counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)(affirming the denial of the appointment of counsel where petitioner presented issues coherently). If, at a later date, the

1  Court determines that an evidentiary hearing is required, the Court may appoint counsel in
2  accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.
3      Accordingly,
4      IT IS HEREBY ORDERED that Petitioner's Motion for the Appointment of Counsel
5  (docket # 9) is **DENIED** without prejudice.
6      DATED this 3rd day of July, 2007.

                      Lawrence O. Anderson
                      United States Magistrate Judge