IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Refugio Saldana-Camacho, )<br>   )<br>                Petitioner, )<br>   )<br>vs. )<br>   )<br>   )<br>Dora B. Schriro, et al., )<br>   )<br>                Defendants. )<br>                                                           ) | No. CV-07-0313-PHX-ROS<br><br>**ORDER** |

## Background

On March 10, 2004, Petitioner pled guilty in state court to possession for sale and transportation for sale of marijuana (Doc. 15 Ex. B). On March 3, 2005, the state trial court reviewed Petitioner's application for post-conviction relief and dismissed the application on the merits (Doc. 15 Ex. I). On February 27, 2006 a state appeals court denied review of the trial court's dismissal (Doc. 15 Ex. K). Petitioner did not seek review of his conviction by the Arizona Supreme Court.

On February 12, 2007, Petitioner filed an application for Writ of Habeas Corpus with the Court (Doc. 1), in which he alleged:

> (1) "Yuma County violated the 5th Amendment by not providing a fundamental part of the transcripts necessary to the Petitioner[']s appeal" (Doc. 1 at 8);

        (2) "Petitioner[']s 6th Amendment rights to a competent and free of conflict of interest counsel were violated by his defense counsel" (Doc. 1 at 13);

        (3) "Yuma County Superior Court abused its discretion, when [it] denied the motion to withdraw as counsel, without an adequate inquiry, amounting to a 6th Amendment violation" (Doc. 1 at 18);

        (4) "Arizona lacked jurisdiction to process and sentence petitioner over a load of marijuana seized in California" (Doc. 1 at 23).

On October 28, 2008, Magistrate Judge Anderson issued a report recommending the denial of Petitioner's habeas application (Doc. 26). On December 22, 2008, Petitioner filed a timely objection to the report (Doc. 29). For the following reasons, the Court will adopt Judge Anderson's report and recommendation in full and deny Petitioner's application.

**Discussion**

1. Standard

A "district judge may refer dispositive pretrial motions and petitions for writ of habeas corpus to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the magistrate's report and recommendation. 28 U.S.C. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." Id. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

A habeas corpus petitioner is ineligible for relief if he has not exhausted state court remedies available to vindicate his habeas claims. See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."); see also Insyxiengmay v. Morgan, 403 F.3d 657, 658 (9th Cir.

2005) ("A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.") (internal citation omitted). If a petitioner's failure to present his habeas claims to the proper state tribunal has foreclosed the possibility of state court review, as mandated by the exhaustion requirement, the petitioner has procedurally defaulted and is precluded from seeking federal court review of these claims. See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002) ("If a state court determines that a claim is procedurally barred, we are precluded from reviewing the merits of the claim if the procedural bar is adequate and independent."). A petitioner may overcome the obstacle of a procedurally defaulted claim by showing "cause and prejudice" for the default "or, alternatively, a fundamental miscarriage of justice." Id.

2. Petitioner's Due Process Claim

Judge Anderson properly rejected Petitioner's Fifth Amendment Due Process claim because Petitioner did not raise this issue during his state post-conviction review proceedings and thus procedurally defaulted (Doc. 15 Ex. H, J). The fact that Petitioner requested these transcripts is irrelevant (Doc. 29 at 2).[1] Petitioner further fails to allege any legally sufficient cause, or corresponding prejudice, to overcome his procedural default. Other than a bald assertion that he satisfied the cause and prejudice requirement, Petitioner's only argument even remotely explaining his failure to prosecute his Fifth Amendment claims in state court relies on his poor English language skills, a reason which is insufficient as a matter of law

---

[1] Petitioner submitted a Special Action Request to a state appeals court requesting that court to order the Yuma County Superior Court Clerk to make available Petitioner's state trial court transcript. However, this request did not mention either the Fifth Amendment or Due Process nor did it allege sufficient facts that would suggest a constitutional violation (Doc. 15 Ex. M). See Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001) (a constitutional claim in state court that fails to state the operative facts and legal theory of the claim did not give the state court a sufficient opportunity to hear the claim and thus did not constitute exhaustion of the claim).

1  (Doc. 29 at 2). See e.g. Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) (A defendant's
2  "unfamiliarity with the English language is insufficient to establish cause to excuse his
3  procedural default"); Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988) (A
4  defendant's *pro se* status and lack of familiarity with the English language did not establish
5  cause to excuse procedure default). Judge Anderson's recommendation is adopted and
6  Petitioner's Fifth Amendment claim is dismissed.

8  3. Petitioner's Ineffective Assistance of Counsel Claims

9  Judge Anderson also properly rejected Petitioner's Sixth Amendment Ineffective
10 Assistance of Counsel claims for procedural default because Petitioner failed to raise them
11 in his appeal, to the state court of appeals, of his post-conviction review. While Petitioner
12 raised a Sixth Amendment Ineffective Assistance of Counsel claim in his petition for review,
13 he did not allege the same conflict of interest and abuse of discretion theories he is now
14 alleging in his habeas application (Doc. 15 Ex. J).[2] Petitioner's subsequent discussion of
15 various factual aspects of his Sixth Amendment claims neither implicates the cause for his
16 failure to raise these issues with the state court of appeals nor suggests that his conviction
17 constitutes a fundamental miscarriage of justice and the Court adopts Judge Anderson's
18 recommendation, dismissing these claims. See Beaty, 303 F.3d at 987.

---

[2]Petitioner did allege the operative facts of his present Sixth Amendment claims in his trial court petition for post-conviction review (Doc. 15 Ex. H). However, Petitioner did not mention the Sixth Amendment or Ineffective Assistance of Counsel in conjunction with these facts. See Baldwin v. Reese, 541 U.S. 27, 32-33 (2004) (failure to associate a habeas claim's factual allegations with the Sixth Amendment, or to otherwise link them to the federal Constitution, does not sufficiently notify the state court of a constitutional claim and precludes federal habeas review). Even assuming Petitioner's statement of operative facts in his first petition for post-conviction review was sufficient to raise his Sixth Amendment claim, he did not pursue this claim with the state appellate court, as required by the exhaustion doctrine. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999) ("Recognizing that each state is entitled to formulate its own system of post-conviction relief . . . we must credit Arizona's choice. Thus, except in habeas petitions in life-sentence or capital cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.").

4. Petitioner's Jurisdictional Claims

While Petitioner may arguably have raised this issue in his trial court petition for post-conviction review, he completely failed to address it in his appellate court petition (Doc. 15 Ex. J) and thus procedurally defaulted the claim. <u>See</u> <u>Swoopes</u>, <u>supra</u> Note 2. Petitioner's factual discussion of his jurisdictional claim neither implicates the cause for his failure to raise this issue with the state court of appeals nor suggests his conviction constitutes a fundamental miscarriage of justice and the Court adopts Judge Anderson's recommendation, dismissing this claim. <u>See</u> <u>Beaty</u>, 303 F.3d at 987.

Accordingly,

**IT IS ORDERED** Petitioner's Application For Writ of Habeas Corpus (Doc. 1) **IS DENIED WITH PREJUDICE**.

DATED this 13th day of January, 2009.

_____
Roslyn O. Silver
United States District Judge